UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURA K. WARREN, <br><br> Plaintiff, <br><br> v. <br><br> CBE GROUP, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT   4:18-cv-02220 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Laura K. Warren ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of CBE GROUP, Inc. ("Defendant" or "CBE") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. CBE is a business entity with offices located throughout the country, including an office in Waterloo, Iowa.

6. CBE acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTS SUPPORTING CAUSES OF ACTION**

7. On or around December 2017, Plaintiff began receiving calls from CBE in an attempt to collect on a defaulted debt ("subject debt").

8. Plaintiff began receiving these calls to her cellular telephone number, (214) XXX-4157.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. On or around December 2017, Plaintiff answered a call from CBE and told the CBE representative that she was an elderly lady with health problems, that these calls were distressing to her, and that she was scared to give up them the information they were seeking. She then pleaded with the representative to stop calling her.

11. Ignoring Plaintiff's plea that it stop calling, CBE continued to call Plaintiff.

12. Notwithstanding Plaintiff's request that CBE cease placing calls to her cellular phone, CBE placed or caused to be placed no less than 17 harassing phone calls to Plaintiff's cellular phone between December 2017 and the present day.

13. Plaintiff is an elderly woman with a heart condition and other health problems. CBE terrified Plaintiff with its harassing calls.

14. Plaintiff's demands that CBE's phone calls cease fell on deaf ears and CBE continued its phone harassment campaign.

15. CBE intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times.

16. The phone number that CBE most often uses to contact Plaintiff is (972) 905-3349, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

17. CBE's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of CBE's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by CBE's unlawful attempts to collect the subject debt.

20. CBE's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, causing fear, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her

cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. CBE is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, CBE is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. CBE used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. CBE's communications to Plaintiff were made in connection with the collection of the subject debt.

28. CBE violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

29. CBE violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after

she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that these phone calls caused her extraordinary distress, CBE continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

30. Furthermore, CBE has relentlessly called Plaintiff on no less than 17 occasions. This volume of calls shows that CBE willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. CBE was notified by Plaintiff that its calls were not welcomed. As such, CBE knew that its conduct was inconvenient and harassing to her.

    **b. Violations of FDCPA § 1692d**

32. CBE violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, CBE continued placing the relentless calls after Plaintiff pleaded with CBE to cease placing collection calls to her cellular phone as it was extremely stressful to her.

33. CBE violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, CBE placed or caused to be placed no less than 17 harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

34. As pled above, Plaintiff was severely harmed by CBE's conduct.

35. As an experienced debt collector, CBE knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

Case 4:18-cv-02220   Document 1   Filed in TXSD on 06/29/18   Page 6 of 8

36. Upon information and belief, CBE systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

37. Upon information and belief, CBE has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff LAURA K. WARREN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

41. CBE is a "debt collector" " and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 392.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

6

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. CBE violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, as well as the statements made by CBE's representative regarding the notations on Plaintiff's account, shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

44. Furthermore, Defendant relentlessly contacted Plaintiff multiple times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

45. Upon being told to stop calling, CBE had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, CBE consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff LAURA K. WARREN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 29, 2018

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com